The judgment of the court was pronounced by
Slidell, J.
This is an action to annul several judgments obtained against the plaintiff by the New Orleans and' Carrollton Railroad Company, whose assignee the defendant is.
The grounds of nullity alleged in the petition are, that in one of the suits the return made by the sheriff of personal service was false; and that in the others *219 in which, the citations were returned, served on “ Samuel STcolfield, agent of Sloan,” the judgments are null, because STcolfield was not named as agent in the petition, nor was he in point of fact at the time the agent of Sloan for such a purpose.
It clearly results from the evidence, that in the suit first mentioned the return was untrue, and that if any service was made, it was upon STcolfield.
With regard to the other suits it is unnecessary to consider one of the grounds, to wit, the omission to name the agent in the petition. We will confine our enquiry to the authority of STcolfield to represent Sloan for the purposes of citations, and the consequences of the absence of such authority, if such absence there was.
The only proof of a constitution of agency is contained in an advertisement published by Sloan in a newspaper, and which is in these words: “ Any person having business with me during my absence from Baton Rouge, will call on Mr. Samuel Skolfield, who is authorised to attend to my business in my absence.
August 14th, 1841. (Signed,) M. Sloan.
It is clear, that the agency evidenced by this advertisement was not sufficient to authorise him to bring his principal into court as a defendant, and subject him to a judgment and its legal consequences. Upon this point we do not deem it necessary to do more than to refer to the articles of the code upon the subject of mandate, and the cases of Barnes v. Profilet, ante p. 117; Fuselier v. Robin, 4th Ann. 61.
It is not improper to add, that in the petition in these suits Sloan is described as a resident of Baton Rouge.
A' copy of one of these judgments was served upon Sloan by the sheriff; and it is said from his silence during several years and not appealing, an acquiescence is to be inferred. Sloan could have attacked the judgments by appeal. But he had also his remedy by action of nullity. C. P. 608, 606, 604. The prescription of one year pleaded by the defendant is inapplicable to this ease. C. P. 612, 613.
The verdict of the jury, and judgment thereon in favor of the defendant, were therefore erroneous.
It is therefore decreed, that the judgment of the district court be reversed; and it is further decreed, that the judgments in the petitions more particularly recited and rendered in the suits No. 3182, 3183, 3189, 3206 of the docket of the District Court in and for the parish of East Baton Rouge, be avoided and annulled, so far as they affect the said Montgomery Sloan ; and that the said defendant Menard pay the costs of this suit in both courts.